AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>E-mail accounts and information associated with<br>crosswalkconsulting100@yahoo.com that is in the<br>possession of Yahoo Holdings, Inc. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.     18-sw-6240-SKC

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _Colorado and elsewhere_
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached hereto and hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before      11/28/2018      *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Magistrate Judge S. Kato Crews      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      11/14/2018, 11:02 am                    *S. [signature]*

_____
*Judge's signature*

City and state:          Denver, CO                    Magistrate Judge S. Kato Crews
*Printed name and title*

## ATTACHMENT A

## <u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>

Information associated with the e-mail account known as **crosswalkconsulting100@yahoo.com** (hereinafter and in Attachment B "SUBJECT ACCOUNT"), which is in the possession of or under the control of the E-mail and Internet Service Provider Oath Holdings, Inc. (formerly Yahoo Holdings, Inc.) whose office is located 701 First Avenue, Sunnyvale, CA 94089 (hereinafter and in Attachment B "PROVIDER.")

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Pursuant to 18 U.S.C. § 2703, PROVIDER as described in Attachment A is hereby ordered as follows:

### I.       SEARCH PROCEDURE

a.  The search warrant will be presented to personnel of the PROVIDER, who will be directed to isolate those accounts and files described in Section II below regardless of whether such information is stored, held or maintained inside or outside of the United States;

b.  To minimize any disruption of computer service to innocent third parties, the PROVIDER'S employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c.  The PROVIDER'S employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant; and

d.  Law enforcement personnel will thereafter review all information and records received from the PROVIDER'S employees to determine the information to be seized by law enforcement personnel specified in Section III.

### II.      FILES AND ACCOUNTS TO BE DISCLOSED BY THE PROVIDER'S EMPLOYEES

a.  For the SUBJECT ACCOUNT listed in Attachment A for the time period from the date the SUBJECT ACCOUNT was created, to the date the PROVIDER collects the data in response to this order the PROVIDER shall disclose the following information regardless of whether it is held inside or outside the United States, and the disclosure shall include all information even if deleted yet still available to the PROVIDER, and all information preserved pursuant to the request under 18 U.S.C. § 2703(f) with **preservation number 285924**:

   1. The contents of all e-mails and attachments associated with the SUBJECT ACCOUNT, including deleted, stored, or preserved (pursuant to 18 U.S.C. § 2703(f) or otherwise) e-mails sent to and from the account, draft e-mails, existing printouts of

any such e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the e-mails, and all attachments;

2. All records and information regarding locations where the account was accessed or used, including all data stored in connection with Location Services;

3. All records pertaining to communications between the PROVIDER and any person regarding the account, including contacts with support services and records of actions taken; and

4. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to the provider (including, but not limited to, the keybag.txt and fileinfolist.txt files).

5. All records or other information regarding the identification of the SUBJECT ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses, phone numbers, or other identifying information provided during registration, other associated e-mail and other online accounts, all screen names associated with the subscribers and/or accounts, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

6. The services the SUBJECT ACCOUNT utilized and all records generated by those services;

7. All records or other information stored at any time by an individual using the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

8. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

9.  For all information responsive to this warrant, regardless of whether such information is stored, held or maintained inside or outside of the United States, the physical location or locations where the information is stored.

b.  The Provider is hereby ordered to disclose the above information to the government within **14 days** of the issuance of this warrant.

### III.   INFORMATION TO BE SEIZED BY LAW ENFORCEMENT PERSONNEL

a.  All information described above in Section II that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 208(a) and 216(a)(2) (Acts affecting a personal financial interest), 18 U.S.C. §  666 (Bribes or rewards concerning programs receiving Federal funds), 18 U.S.C. § 201 (Bribery of public officials), 42 U.S.C. § 1320a-7b(b) (Payment and receipt of illegal remuneration), 18 U.S.C. § 1343 (Fraud by wire, radio, or television), 18 U.S.C. § 1956(a) (Laundering of monetary instruments),  18 U.S.C. § 1957 (Monetary Transactions in Property Derived from Specified Unlawful Activity), and 18 U.S.C. § 1347 (Health care fraud) (the "Alleged Violations"):

1.  All electronic mail, attachments, related computer files, and information that identify the account user, individuals, or correspondents engaged in the Alleged Violations;

2.  All "address books" or other lists of correspondents;

3.  For the period beginning January 1, 2017, communications between Crosswalk Consulting LLC, Joseph Prince, and others, and all information related to: matters involving the U.S. Department of Veterans Affairs Spina Bifida Health Care Benefits Program, disposition and transfer of proceeds derived from the Spina Bifida Health Care Benefits Program, payments and transfer of funds to entities controlled by Joseph Prince;

4.  For the period beginning January 1, 2017, information regarding operation of the home health agencies Advantage, Genesis, Gracewood, Legacy, the Regional entities, and any other agency or business submitting claims to the Department of Veterans Affairs, including: identification of and communications with their principals, owners, employees, and contractors; operational costs and expenses and payment thereof; billing by the companies to the VA; and whether the companies conduct any business for clients unrelated to the Spina Bifida Health Care Benefits Program.

5.  Information regarding the relationships and history between Crosswalk Consulting LLC, Joseph Prince, and the owners and employees of the home health agencies Advantage, Genesis, Gracewood, Legacy, and the Regional entities.

6. Records relating to who created, used, or communicated with the SUBJECT ACCOUNT or identifier, including records about their identities and whereabouts.

7. Information about the devices used to access the SUBJECT ACCOUNT.

8. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information).

9. Evidence indicating the subscriber's state of mind as it relates to the crimes under investigation, including evidence of financial status or motives to commit the Alleged Violations.

10. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

11. For the period beginning January 1, 2017, content of web history and searches related to the Alleged Offenses, operation of home health agencies, hiring contract employees, disposition of proceeds, and the VA Spina Bifida Benefits Program.

12. For the period beginning January 1, 2017, location information associated with the SUBJECT ACCOUNT that may help show where and who sent and received information regarding or related to the Alleged Violations.

## IV.  ORDER OF NON-DISCLOSURE AND TO KEEP ACCOUNT ACTIVE

a. Pursuant to 18 U.S.C. §§ 2703(b)(1)(A) and 2705(b), the Court orders PROVIDER not to disclose the existence of this search warrant to any person for a period of one year, including the subscriber, other than its personnel essential for compliance with the execution of this warrant.

b. The Court further orders PROVIDER to continue to maintain the SUBJECT ACCOUNT in an open and active status so as not to disrupt this ongoing investigation.

## V.      PROVIDER PROCEDURES

a. The PROVIDER shall deliver the information set forth above within 14 days of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

Special Agent Jared Erwin
C/O Internal Revenue Service – Criminal Investigation
1999 Broadway, 27th Floor
Denver, Colorado 80202

b.  Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

## VI.    DEFINITIONS

a.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.